# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510                                    Telephone: (212) 317-1200
New York, New York 10165                                    Facsimile: (212) 317-1620
_____

November 1, 2021

<u>VIA ECF</u>

Judge Sidney H. Stein
U.S. District Court Southern District of New York
500 Pearl St.
New York, NY 10007-1312

*Re: Luis Alberto Leal Romero v. Nectar Restaurant Corp et al*
*Case No. 1:20-cv-09701*

Your Honor:

This office represents the Plaintiff in the above referenced matter. Plaintiff writes jointly with Defendants to submit this letter setting forth our views on why the agreed upon settlement in this matter is fair and reasonable.

On June 10, 2021, the parties agreed to a negotiated settlement ("Agreement") after extensive settlement discussions. A copy of the Negotiated Settlement and Release is attached hereto as "Exhibit A." We therefore ask the Court to approve the settlement pursuant to *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199 (2d Cir. 2015).

Plaintiff brought this suit alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), violations of the New York Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"), and violations of the minimum and overtime wage orders of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4(a).

Plaintiff allegess that he was employed by the Defendant as a dishwasher, porter and ostensibly as a delivery worker at Defendants' diner, d/b/a "Nectar", located at 1090 Madison Ave, New York, NY 10028. Plaintiff also alleges Defendants engaged in a wide variety of FLSA and NYLL violations, including failure to pay appropriate, unauthorized deductions from wages and gratuities, and failure to provide annual notice and wage statements. Defendants deny the Plaintiff's allegations, but agree that a settlement is desirable at this stage to avoid incurring further legal fees and protracted litigation.

### I.     The Proposed Settlement is Fair and Reasonable

Under the settlement, Defendants will pay the total sum of $60,000.00 (Sixty Thousand Dollars) to Plaintiff to settle all the claims as alleged in the Complaint. Of the settlement amount, sixty percent (60%), or $30,000.00 (Thirty Thousand Dollars) will go to the Plaintiff, with $20,000.00 (Twenty Thousand Dollars) to go to Plaintiff's attorneys for attorney's fees and expenditures.

November 1, 2021
Page 2

Plaintiff allegess that they are entitled to back wages of approximately $195,300.00 from Defendants, which Defendants deny. Plaintiff estimate that if they had recovered in full for their claims, exclusive of attorney's fees, they would be entitled to approximately $469,172.95. A copy of Plaintiff's damages chart, breaking down each amount sought from Defendants, is attached as "Exhibit B." Plaintiff understand the central issues are disputed, and that should they continue to litigate their claims, there is no guarantee they would recover what they believe they are owed, especially considering the restaurant is no longer in business, which is why a settlement is desirable at this time.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Considering the risks in this case outlined above, Plaintiff believe that this settlement is an excellent result, and should be approved as fair and reasonable. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

## II.    Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement, and in accordance with his retainer agreement with the Plaintiff, Plaintiff's counsel will receive $20,000.00 (Twenty Thousand Dollars) from the settlement fund as attorneys' fees and costs. This represents forty percent (40%) of the recovery in this litigation.

These rates are reasonable given the experience of the attorneys in wage and hour matters, and their performance in this case. *See Perez v. Platinum Plaza 400 Cleaners, Inc.,* Index No. 12-cv-9353 (PAC), 2015 U.S. Dist. LEXIS 78079, *3 n. 1 (S.D.N.Y. June 16, 2015) (awarding requested rates to Michael Faillace and one of his associates at this firm, Joshua Androphy, finding they had "demonstrated entitlement to these rates based on their experience in wage and hour litigation and their performance in this case").

. Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07-cv-00086, 2008 U.S. Dist. LEXIS 46174, at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09-cv-08337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24,

November 1, 2021
Page 3

2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.")

While district courts in this Circuit have commonly limited attorneys' fees to 1/3 of the recovery in FLSA settlements, the Second Circuit Court of Appeals recently rejected such a proportionality rule. *Fisher v. S.D. Prot. Inc.,* 948 F.3d 593, 2020 U.S. App. LEXIS 3295 (2d Cir. Feb. 4, 2020). In Fisher the Second Circuit reversed a district court's presumption of a 33% limit as an outcome determinative factor on attorneys' fees in FLSA settlements. Id. The Second Circuit observed that if Plaintiff's attorneys were limited to such a proportional fee, no rational attorney would take small recovery or "run of the mill" cases and employees would be left with little redress for alleged violations. Id. 2020 U.S. App. LEXIS 3295, *17. Here, Plaintiff's attorneys' lodestar is more than the amount that Plaintiff's attorneys are to recover from the settlement, and in fact exceeds the settlement amount. Awarding attorneys' fees of 40% of the total settlement is reasonable and in accordance with *Fisher* and with Plaintiff's retainer agreement with his attorneys.

Given Plaintiff's counsels' significant experience representing Plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations. A brief biography of each attorney who performed billed work outlined in the Billing Record attached as "Exhibit C" and their rates in this matter is as follows:

     i.     Michael Faillace is the Managing Member of Michael Faillace & Associates, P.C, and have been in practice since 1983. Michael Faillace reflected in Exhibit C as "MF" is billed at a rate of $450 per hour. From 1983 to 2000, Mr. Faillace was in-house Employment Counsel with International Business Machines Corporation (IBM). He taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and am a nationally-renowned speaker and writer on employment law. He is also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

     ii.     Gennadiy Naydenskiy is a Litigation Associate of Michael Faillace & Associates P.C. and has been a member of the firm since August 2018. Gennadiy Naydenskiy reflected in Exhibit C as "GN" is billed at a rate of $350 per hour. Prior to joining Michael Faillace and Associates, P.C, Gennadiy Naydenskiy was a solo practitioner from October 2014, focusing primarily on FLSA wage and hour cases. Prior to founding his solo practice, Gennadiy Naydenskiy was an associate for Harrison, Harrison, and Associates a boutique law firm that focus most of their practice on FLSA wage and hour individual, multi-Plaintiff, collective and class actions.

     iii.     Khalil Huey is a Litigation Associate of Michael Faillace & Associates P.C and has been a member of the firm since June 2021. Khalil Huey

November 1, 2021
Page 4

reflected in Exhibit C as "KH" is billed at a rate of $375 per hour. Prior to joining
Michael Faillace and Associates P.C, Khalil Huey was of counsel for the Chandler
Law Firm PLLC and an associate for the same firm that focused on labor and
employment law for individuals and as labor counsel for several school districts,
and large public employee unions in the State of New York.

     iv.    Paralegal time reflected in Exhibit C as "PL" is billed at $125 per
hour.

Should Your Honor have any questions or concerns regarding this settlement, the parties
are happy to address them. The parties thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Khalil Huey
Khalil Huey Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
Attorneys for the Plaintiff

Enclosures

CC: Steven Siegler (via ECF)

## SETTLEMENT AGREEMENT & RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and among Plaintiff LUIS ALBERTO LEAL ROMERO ("Plaintiff") and Defendants NECTAR RESTAURANT CORP. (D/B/A NECTAR), and GEORGE KYRKOSTAS, ("Defendants") ("Plaintiff" and "Defendants" are jointly referred to as "Parties").

**WHEREAS**, the Action was initially brought as a putative collective action, but Plaintiff never sought to certify the Action as a collective action and thus the Action did not proceed collectively; and

**WHEREAS**, on March 2, 2021, Defendants filed their Answer to the Complaint, denying the material allegations of the Complaint and asserting various defenses and crossclaims against the co-defendants; and

**WHEREAS**, there is a bona fide dispute as to the viability of Plaintiff's claims and whether, and to the extent that Defendants are liable to Plaintiff for unpaid wages, overtime or other compensation; and

**WHEREAS**, the Parties have determined it is in their mutual interests to settle the Action and all other matters between them; and

**WHEREAS**, the Parties desire to have no further obligations to each other, except as specifically provided herein; and

**WHEREAS**, throughout the negotiation and execution of this Agreement, Plaintiff has been represented by his counsel, Michael Faillace, Esq., Michael Faillace & Associates, P.C., 60 East 42nd Street, Suite 4510, New York, New York 10165, telephone number (212) 317-1200 ("Plaintiff's Attorneys"); and

**WHEREAS**, Defendants have been represented by their counsel, Steven Siegler, Esq., Esq., Koutsoudakis & Iakovou Law Group, PLLC, 90 Broad Street, 10th Floor, New York, NY 10004, telephone number (212) 386-7606 ("Defendants' Attorneys"); and

**WHEREAS**, the Parties acknowledge that they have each entered into the Agreement freely and voluntarily, without threats or coercion of any kind by anyone, after an arms-length negotiation between the Parties and their respective attorneys and with the assistance of a mediator experienced in actions of this nature; and

**WHEREAS**, the Parties acknowledge that they each understand the meaning and effect of the execution of this Agreement.

**NOW THEREFORE**, in consideration of the mutual covenants and undertakings set forth in this Agreement, and for good and valuable consideration, the sufficiency of which is acknowledged hereby, Plaintiff and Defendants, intending to be legally bound, hereby agree as follows:

**1.    Consideration.** In exchange for, and in consideration of, the covenants and promises contained herein, including Plaintiff's release of claims against Defendants and the Releasees (as defined herein) as set forth in Paragraph 3 below, Defendants shall pay to Plaintiff the total sum of Sixty Thousand Dollars ($60,000.00) (the "Settlement Amount") as follows:

(i) An initial payment in the amount of Fifty Thousand Dollars and Zero Cents ($50,000.00) (the "Initial Payment") to be made within thirty (30) days of the Court's dismissal of this action to be paid as follows;

1, Alleged unpaid wages and liquidated damages in the gross sum of Thirty Thousand Dollars ($30,000.00) to Luis Alberto Leal Romero

2. Plaintiffs' counsel, Michael Faillace & Associates, P.C., the gross sum of Twenty Thousand Dollars ($20,000.00) as payment towards attorneys' fees and costs.

(ii) A second payment in the amount of Five Thousand Dollars and Zero Cents ($5,000.00) (the "Second Payment") to be made within sixty (60) days of the Court's dismissal of this action to be paid as follows;

*LALR* 1, Alleged unpaid wages and liquidated damages in the gross sum of ~~Thirty~~ Three *CK* Thousand Dollars ($3,000.00) to Luis Alberto Leal Romero

*LALR* 2. Plaintiffs' counsel, Michael Faillace & Associates, P.C., the gross sum of ~~Twenty~~ Two *CK* Thousand Dollars ($2,000.00) as payment towards attorneys' fees and costs

(iii) A third payment in the amount of Five Thousand Dollars and Zero Cents ($5,000.00) (the "Third Payment") to be made within ninety (90) days of the Court's dismissal of this action to be paid as follows;

*LALR* 1, Alleged unpaid wages and liquidated damages in the gross sum of ~~Thirty~~ Three Thousand Dollars ($3,000.00) to Luis Alberto Leal Romero

*LALR* 2. Plaintiffs' counsel, Michael Faillace & Associates, P.C., the gross sum of ~~Twenty~~ Two Thousand Dollars ($2,000.00) as payment towards attorneys' fees and costs

a.    The payments set forth in Paragraph 1.a. of this Agreement shall be mailed or delivered to: Michael Faillace & Associates, P.C., 60 East 42nd Street, Suite 4510, New York, New York 10165, Attn: Khalil Huey, Esq., to be made in time to be immediately deposited at the time prescribed by Paragraph 1.a.(ii).

b.    Defendants shall be in curable default if they fail to make any payment when due pursuant to Paragraphs 1.a and 1.b of this Agreement.  Plaintiff or their authorized agent shall send a notice via First Class Mail and Email of such default addressed to Defendants' attorney, whereupon Defendants shall have the right to cure the default within ten (10) business days of Defendants' attorneys' receipt of Plaintiff's notice of default.

c.      Except as set forth in this Paragraph 1, Plaintiff is not entitled to, and shall not receive, any other payments or benefits from Defendants or the Releasees. Plaintiff acknowledges and agrees that by entering into this Agreement, he is not otherwise entitled to receive the consideration from Defendants or Releasees, except as provided for in this Agreement. Plaintiff both acknowledges and agrees that after receipt of the Settlement Amount as set forth in this Paragraph 1, he has been paid and/or have each received all compensation, wages, tips, fees, bonuses, commissions, and/or benefits to which each of them is, was, or may have been, entitled from Defendants.

d.      The payments reflected in this Paragraph 1 are made in full and complete settlement of any and all claims by Plaintiff against Defendants arising from or concerning the payment of wages or benefits in connection with employment, liquidated damages, interest, attorneys' fees and costs and all claims for wages or other compensation which were or could have been asserted in the Plaintiff's Complaint and all other related matters.

e.      Plaintiff both represents that he is not aware of any existing lien against his recovery in this action. Plaintiff agrees to release, hold harmless and indemnify Defendants (including Defendants' reasonable costs and attorney's fees) from any claim asserting a lien or claim against the settlement proceeds with respect to any liens, known or unknown, including but not limited to, any existing lien or one arising under Section 475 of the New York Judiciary Law, against his recovery in this action, including that portion of the recovery representing fees for legal services.

f.      Plaintiff further acknowledges that Defendants, their administrators, successors and assigns, in paying the agreed-upon Settlement Amount under the Agreement, are not responsible for the satisfaction of any lien upon Plaintiff's respective or total recovery in this action, and further acknowledge that the satisfaction of any lien, known or unknown, against Plaintiff's recovery in this action is exclusively their responsibility. Plaintiff further agrees that should litigation be commenced against Defendants, or any of their successors or assigns, with respect to the enforcement and satisfaction of any liens, known or unknown, relating to Plaintiff's recovery in this action, as well as that portion representing fees for legal services, Plaintiff shall fully indemnify Defendants, and their successors and assigns, for any and all liability arising in that litigation, including reasonable costs and attorneys' fees related to Defendants' defense of that action, and/or the defense of their successors and assigns.

g.      Upon Court Approval of the Agreement, Defendants will issue, or cause to be issued, to Michael Faillace & Associates, P.C., and the Plaintiff an IRS Form 1099 regarding the payment of the Settlement Amount made pursuant to this Paragraph 1.

h.    If, for any reason, it is determined by any federal, state or local authority that the sums and payments set forth in this Paragraph 1, or any portion thereof, should have been subject to taxation or withholding, Plaintiff agrees that he shall assume all responsibility for the payment of any taxes, interest and penalties assessed in connection therewith, and that each of them shall indemnify and hold harmless Defendants from any withholding or tax payment, interest or penalties required to be paid by Defendants thereon, except for Defendants' share of any FICA payment that may be due. Plaintiff further agrees and understands that, in the event Defendants are required to enforce the terms of this indemnification-and-hold-harmless provision, Plaintiff will reimburse Defendants for their reasonable attorneys' fees and costs associated with such enforcement.

2.    **Limited Release of Claims.**  In exchange for and in consideration of the covenants and promises contained herein, Plaintiff, individually on behalf of his children, spouse, agents, assignees, heirs, executors, administrators, beneficiaries, trustees, and legal representatives, hereby waive, discharge and release (i) NECTAR CORP. and its current and former parents, subsidiaries, divisions, branches, assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; and (ii) GEORGE KYRKOSTAS in their individual and corporate capacities, and their heirs, executors, administrators, attorneys, successors and assigns and (collectively, "Releasees") from any and all actions, causes of action, obligations, liabilities, claims, debts, losses, charges, grievances, complaints, suits and/or demands that Plaintiff may have, known or unknown, contingent or otherwise, arising from Defendants' compensation of Plaintiff during his employment with any Defendant, including but not limited to the release of any claims for unpaid, inaccurate payment of, or nonpayment of wages, tips and any other compensation, failure to provide requisite notice of pay rate or wage statements, and any other related claim under any federal, state or local law, rule, regulation, order or ordinance governing wages and hours, including but not limited to federal and New York law (29 U.S.C. §§ 201, *et. seq.*, New York Labor Law §§ 191, 195, 198 (1-b), 198 (1-d), 650, *et. seq.*, and relevant sections of N.Y. Comp. Codes R. & Regs.) and any other claims whatsoever alleged in the Complaint and all wage and hour claims which could have been alleged, including without limitation all claims for restitution and other equitable relief, liquidated damages, compensatory damages, punitive damages, wages, tips, and penalties of any nature whatsoever.  This release does not include a release of any rights Plaintiff may have under this Agreement.

It is the intention of the Parties in executing this Agreement that it shall be a release of all claims arising from or concerning Defendants' compensation of Plaintiff during his employment with any Defendant in all respects and shall be effective as a bar to each and every matter released herein and that, should any proceeding be instituted with respect to matters released herein, this Agreement shall be deemed in full and complete accord, satisfaction and settlement of any such released matter and sufficient basis for its dismissal. Plaintiff acknowledges and agrees that, by signing this Agreement, he is surrendering and giving up any right he has or may have, without limiting the generality of any other provision herein, to assert any claim, arising from or concerning Defendants' compensation of Plaintiff during his employment with any Defendant, against or involving Defendants and the Releasees, or to permit himself (Plaintiff) to become

Page 4 of 8

and/or remain a member of any class seeking relief against Defendants and the Releasees arising from, or in any way relating to, Plaintiff's compensation by Defendants.

**3.      Discontinuance of Claims.**  Plaintiff acknowledges and agrees that, other than the Action, he is not presently aware of any legal proceedings pending between Plaintiff and/or his representatives and Defendants or the Releasees.  It is the intention of the Parties that this Agreement is intended to extinguish all claims Plaintiff asserted against Defendants and Releasees in the Action, and that the Action be dismissed with prejudice.  Plaintiff agrees to dismiss and withdraw the Action by executing the Stipulation of Voluntary Dismissal with Prejudice against all defendants in the form annexed hereto as Exhibit B ("Stipulation"), which Stipulation shall be filed by Plaintiff's Attorney within seven (7) days of receipt of the Initial Payment, on ECF to be reviewed, approved, and So-Ordered by the Court, as such approval is required by Second Circuit case law.  Plaintiff agrees to refrain from re-filing any and all claims against Defendants, the co-defendants, and the Releasees, including, but not limited to, any and all claims asserted, or which could have been asserted, in the Action.

**4.      Agreement Not to File Suit or Arbitration for Past Acts.**  Plaintiff, for and on behalf of himself and each of his beneficiaries, executors, administrators, successors, assigns, and anyone claiming through or under any of the foregoing, agrees that he will not file or otherwise submit any claim, complaint, arbitration request, or action to any court or judicial forum (nor will Plaintiff permit any person, group of persons, or organization to take such action his behalf) against the Releasees arising out of any actions or non-actions on the part of Releasees pertaining to any claim being released herewith arising before execution of this Agreement.  Plaintiff further agree that in the event that any person or entity should bring such a claim, complaint, or action on their behalf, Plaintiff hereby waives and forfeits any right or claim to any form of monetary or other damages or any other form of recovery or relief in connection with any such action and will exercise every good faith effort (but will not be obliged to incur any expense) to have such claim dismissed.  Plaintiff understands that the provisions of this Paragraph mean that he cannot bring a future lawsuit against Defendants arising out of any actions or failures to act pertaining to any claim being released herewith arising before Plaintiff's execution of this Agreement.

**5.      Attorneys' Fees in Suit.**  If the Plaintiff breaches the terms of this Agreement, and/or files a lawsuit or arbitration regarding claims for actions or inactions pertaining to any claim being released herewith that have predated the execution of this Agreement, then such Plaintiff(s) will be required and compelled to pay for all fees and costs incurred by the Releasees, including reasonable attorneys' fees, in defending against such claims and/or in seeking or obtaining the dismissal of the same.  Similarly, if any or all of the Defendants breach the terms of this Agreement, then such Defendant(s) will be required and compelled to pay for all fees and costs incurred by the Plaintiff, including reasonable attorneys' fees.

**6.      Denial of Wrongdoing.**  Nothing contained in this Agreement, nor the fact that Plaintiff has been paid any remuneration under it, shall be construed, considered or deemed to be an admission of liability or wrongdoing by Defendants or the Releasees.  Defendants deny any liability, committing any wrongdoing or violating any legal duty with respect to Plaintiff, including with respect to Plaintiff's employment, including Plaintiff's pay while in Defendants' employ.  The terms of this Agreement, including all facts, circumstances, statements and documents, shall not be admissible or submitted as evidence in any litigation, in any forum, for any purpose, other

than to secure the enforcement of the terms and conditions of this Agreement, or as may otherwise be required by law.

**7.     Statement of Fairness.**  The Parties acknowledge and agree this settlement is in Plaintiff's and Defendants' respective best interest given the extent of the disputed issues of fact described herein, and taking into account the strengths and weaknesses of each party's case. The Parties agree that the uncertainty of the outcome of trial warrants a settlement in the amount of $60,000.00. The Parties further agree that even taking into account the Plaintiff's attorneys' fees to be deducted from the Settlement Amount, the gross settlement of $60,000.00 adequately compensates Plaintiff for unpaid wages as well as a measure of liquidated damages.

**8.     Miscellaneous Acknowledgments and Affirmations.**

      a.     Plaintiff affirms that upon payment of the Settlement Amount he has been paid and/or have received all compensation, wages, bonuses, tips, commissions, and/or benefits to which he may be entitled.

      b.     Plaintiff affirms that he has been granted any leave to which he was entitled and have not been retaliated against for exercising any rights to leave.

**9.     Notices.**  Unless otherwise provided for herein, all notices to be served under this Agreement shall be provided via email and First Class Mail, to the following:

      a.     If to Defendants:
            Steven Siegler, Esq.
            Koutsoudakis & Iakovou Law Group, PLLC
            90 Broad Street, 3rd Floor
            New York, NY 10004
            andreas@kilegal.com

      b.     If to Plaintiff:
            Michael Faillace, Esq.
            Michael Faillace & Associates, P.C.
            60 East 42nd Street, Suite 4510
            New York, New York 10165
            cerrington@faillacelaw.com

**10.     Choice of Law and Forum.**  This Agreement shall at all times be construed and governed by the laws of the State of New York, regardless of conflicts of laws principles.

**11.     Entire Agreement.**  The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes any and all prior agreements and understandings between the Parties hereto. There is no other agreement except as stated herein. Plaintiff acknowledges that Defendants have made no promises to them other than those contained in this Agreement.

12. **Modification.** This Agreement may not be changed unless the change is in writing and signed by Plaintiff and his attorneys and an authorized representative of Defendants.

13. **General Provisions.** The failure of any party to this Agreement to insist on strict adherence to any term hereof on any occasion shall not be considered a waiver or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term hereof. The invalidity of any provision of this Agreement shall not affect the validity of any other provision hereof. This Agreement has been drafted and reviewed jointly by counsel for the Parties and no presumption or construction as to the drafting of this Agreement shall be applied against or in favor of any party.

14. **Section Headings.** Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

15. **Legal Counsel.** Plaintiff is hereby advised of his right to consult with an attorney before signing this Agreement, which includes a release. Plaintiff hereby acknowledges that he was fully and fairly represented by Michael Faillace & Associates, P.C., in connection with the review, negotiation and signing of this Agreement.

16. **Competence to Waive Claims.** At the time of considering or executing this Agreement, LUIS ALBERTO LEAL ROMERO was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Plaintiff is competent to execute this Agreement and knowingly and voluntarily waive any and all claims he may have against the Releasees. Plaintiff certifies that he is not a party to any bankruptcy, lien, creditor-debtor or other proceedings which would impair his right or ability to waive all claims he may have against the Releasees.

17. **Execution.** The Parties agree that this Agreement may be executed in counterparts, and that signatures transmitted electronically shall bear the same weight as original signatures.

**PLAINTIFF ACKNOWLEDGES THAT HE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND IS VOLUNTARILY ENTERING INTO IT OF HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

PLAINTIFF

LUIS ALBERTO LEAL ROMERO

Dated: 25 / 10 / 2

Page 7 of 8

**DEFENDANTS**

**NECTAR CORP.**

By: _[signature]_

Dated:  10 /29 /21

By: _[signature]_
GEORGE KYRKOSTAS, Individually

Dated:  10 /29 /21

Privileged Settlement Communication

Subject to  Revision / Correction

| Plaintiff | Pay Period From | To | No. Weeks in Pay Period | Hours Per Week in Period | No. of SOH Days Per Wk in Period | Calc. Regular Rate of Pay | Calc. OT Rate of Pay | Minimum Wage Rate | Minimum Overtime (OT) | Lawful Weekly Pay | "Credited" Weekly Pay | Underpayment Per Week | Unpaid Wages & OT | Liq. Damages on Wages & OT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Luis Alberto Leal Romero | 11/1/2014 | 12/31/2014 | 9 | 70 | 0 | $ 10.00 | $ 15.00 | $ 8.00 | $ 12.00 | $ 850.00 | $ 400.00 | $ 450.00 | $ 4,050.00 | $ 4,050.00 |
| | 1/1/2015 | 12/31/2015 | 52 | 70 | 0 | $ 10.00 | $ 15.00 | $ 8.75 | $ 13.13 | $ 850.00 | $ 400.00 | $ 450.00 | $ 23,400.00 | $ 23,400.00 |
| | 1/1/2016 | 12/31/2016 | 52 | 70 | 0 | $ 10.00 | $ 15.00 | $ 9.00 | $ 13.50 | $ 850.00 | $ 400.00 | $ 450.00 | $ 23,400.00 | $ 23,400.00 |
| | 1/1/2017 | 12/31/2017 | 52 | 70 | 0 | $ 17.50 | $ 26.25 | $ 11.00 | $ 16.50 | $ 1,487.50 | $ 700.00 | $ 787.50 | $ 40,950.00 | $ 40,950.00 |
| | 1/1/2018 | 12/31/2018 | 52 | 70 | 0 | $ 20.00 | $ 30.00 | $ 13.00 | $ 19.50 | $ 1,700.00 | $ 800.00 | $ 900.00 | $ 46,800.00 | $ 46,800.00 |
| | 1/1/2019 | 12/31/2019 | 52 | 70 | 0 | $ 20.00 | $ 30.00 | $ 15.00 | $ 22.50 | $ 1,700.00 | $ 800.00 | $ 900.00 | $ 46,800.00 | $ 46,800.00 |
| | 1/1/2020 | 3/15/2020 | 11 | 70 | 0 | $ 20.00 | $ 30.00 | $ 15.00 | $ 22.50 | $ 1,700.00 | $ 800.00 | $ 900.00 | $ 9,900.00 | $ 9,900.00 |
| | | | | | | | | | | | | TOTAL: | $ 195,300.00 | 195,300.00 |

1 This chart is based upon preliminary information and the expected testimony of Plaintiffs.
2 Plaintiffs reserve the right to correct or amend this chart.
3 This Chart was prepared without the benefit of discovery, or the benefit of Defendants' required wage and hour records under the FLSA and NYLL.

1 of 2

Privileged Settlement Communication                                                      Subject to  Revision / Correction

| Plaintiff | Pay Period From | To | Unpaid Spread of Hours (SOH) Pay | Liq. Damages on unpaid SOH | Annual Wage Notice | Weekly Wage Statement | Pre Jud. Interest (PJI) on OT & Wages | (PJI) Spread of Hours | Tools of the Trade | Total Per Period |
|---|---|---|---|---|---|---|---|---|---|---|
| Luis Alberto Leal Romero | 11/1/2014 | 12/31/2014 | $ - | $ - | $ 5,000.00 | $ 5,000.00 | $ 2,317.40 | $ - | | $ 20,417.40 |
| | 1/1/2015 | 12/31/2015 | $ - | $ - | | | $ 12,160.45 | | | $ 58,960.45 |
| | 1/1/2016 | 12/31/2016 | $ - | $ - | | | $ 10,051.57 | | | $ 56,851.57 |
| | 1/1/2017 | 12/31/2017 | $ - | $ - | | | $ 13,899.70 | | | $ 95,799.70 |
| | 1/1/2018 | 12/31/2018 | $ - | $ - | | | $ 11,673.37 | | | $ 105,273.37 |
| | 1/1/2019 | 12/31/2019 | $ - | $ - | | | $ 7,461.37 | | | $ 101,061.37 |
| | 1/1/2020 | 3/15/2020 | $ - | $ - | | | $ 1,041.33 | $ - | | $ 20,841.33 |
| | | | | | | | | | | |
| | | | $ - | $ - | $ 5,000.00 | $ 5,000.00 | $ 58,605.18 | $ - | $ - | $ 459,205.18 |

| | |
|---|---|
| Filing Date | 11/7/2020 |
| FLSA | 11/7/2017 |
| NYLL | 11/7/2014 |
| Amendment | 4/9/2011 |
| Today | 4/8/2021 |

2 of 2

### *Michael Faillace & Associates, P.C.*
60 East 42nd Street
Suite 4510
New York, NY 10165

Ph:(212) 317-1200              Fax:(212) 317-1620

Luis Leal Romero                                                      November 1, 2021

|            |                 | File #: | Nectar2020 |
|------------|-----------------|---------|------------|
| **Attention:** |             | Inv #:  | 1272       |

**RE:**

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|------|-------------|-------|--------|--------|
| Nov-16-20 | reviewed and corrected the complaint;  sent complaint to IG with directions as to the next steps we need to take in the litigation | 1.50 | 675.00 | MF |
| | Drafted Complaint | 2.00 | 250.00 | PL |
| Nov-23-20 | discuss w/ pl and review ecf bounces | 0.10 | 35.00 | GN |
| Nov-25-20 | created a pc law | 0.10 | 12.50 | PL |
| Dec-31-20 | Reviewed, drafted,  and responded to emails | 0.50 | 175.00 | GN |
| Jan-04-21 | Reviewed, drafted,  and responded to emails | 0.50 | 175.00 | GN |
| Apr-07-21 | Review Client's Documents | 1.00 | 350.00 | GN |
| Apr-08-21 | Reviewed Initial Disclosures and discovery demands | 0.50 | 175.00 | GN |
| | Drafted Initial Disclosures and discovery demands | 2.00 | 250.00 | PL |
| Jun-10-21 | Review and drafted emails | 0.50 | 175.00 | GN |
| Sep-17-21 | Review of Setlement Agreement | 0.50 | 187.50 | KH |
| Oct-12-21 | Editted Settlement agreement | 1.00 | 375.00 | KH |

| Oct-28-21 | Drafted fairness letter | 1.00 | 375.00 | KH |
|-----------|------------------------|------|--------|-----|
| Nov-01-21 | Drafted e-mails | 0.50 | 187.50 | KH |
| | Totals | 11.70 | $3,397.50 | |

**Total Fee & Disbursements**      **$3,397.50**

**Balance Now Due**      **$3,397.50**