## SETTLEMENT AGREEMENT & RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and among Plaintiff LUIS ALBERTO LEAL ROMERO ("Plaintiff") and Defendants NECTAR RESTAURANT CORP. (D/B/A NECTAR), and GEORGE KYRKOSTAS, ("Defendants") ("Plaintiff" and "Defendants" are jointly referred to as "Parties").

**WHEREAS**, Plaintiff has alleged certain claims against the Defendants by filing a Complaint on or about November 18, 2020, in the United States District Court for the Southern District of New York, in the action called *Luis Alberto Leal Romero v. Nectar Restaurant Corp. (d/b/a Nectar) and George Kyrkostas*, Civil Action: 1:20-cv-09701-SHS (the "Action"), including, inter alia, claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL");

**WHEREAS**, Defendants deny all such claims in all respects;

**WHEREAS**, the Parties to the Action now desire to settle fully without further litigation and without any finding of fact or admission of liability, wrongdoing or fault.

**WHEREAS**, the Parties agree that this Settlement Agreement becomes effective only upon approval by the Court;

**NOW THEREFORE**, in consideration of the mutual covenants and undertakings set forth in this Agreement, and for good and valuable consideration, the sufficiency of which is acknowledged hereby, Plaintiff and Defendants, intending to be legally bound, hereby agree as follows:

**1.    Consideration.** In exchange for, and in consideration of, the covenants and promises contained herein, including Plaintiff's release of claims against Defendants and the Releasees (as defined herein) as set forth in Paragraph 2 below, Defendants shall pay to Plaintiff the total sum of Sixty Thousand Dollars ($60,000.00) (the "Settlement Amount") as follows:

   a. An initial payment in the amount of Fifty Thousand Dollars and Zero Cents ($50,000.00) (the "Initial Payment") to be made within thirty (30) days after the Court enters an Order approving the within settlement, to be paid as follows:
      1. A check payable to Luis Alberto Leal Romero in the amount of Thirty-Five Thousand Dollars and Zero Cents ($35,000.00) without withholdings or deductions, which shall be reportable on an IRS Form 1099 issued to Romero.
      2. A check payable to CSM Legal, P.C. in the amount of Fifteen Thousand Dollars and Zero Cents ($15,000.00) for attorneys' fees and costs, which shall be reportable on an IRS Form 1099 issued to CSM Legal, P.C.
   b. A second payment in the amount of Five Thousand Dollars and Zero Cents ($5,000.00) (the "Second Payment") to be made within sixty (60) days after the Court Order referenced in 1.a., to be paid as follows:

1. A check payable to Luis Alberto Leal Romero in the amount of Three Thousand Three Hundred Sixty Dollars and Zero Cents ($3,360.00) without withholdings or deductions, which shall be reportable on an IRS Form 1099 issued to Romero.
2. A check payable to CSM Legal, P.C. in the amount of One Thousand Six Hundred Forty Dollars and Zero Cents ($1,640.00) for attorneys' fees and costs, which shall be reportable on an IRS Form 1099 issued to CSM Legal, P.C.

c. A third payment in the amount of Five Thousand Dollars and Zero Cents ($5,000.00) (the "Third Payment") to be made within ninety (90) days after the Court Order referenced in 1.a., to be paid as follows:
   1. A check payable to Luis Alberto Leal Romero in the amount of Three Thousand Three Hundred Sixty Dollars and Zero Cents ($3,360.00) without withholdings or deductions, which shall be reportable on an IRS Form 1099 issued to Romero.
   2. A check payable to CSM Legal, P.C. in the amount of One Thousand Six Hundred Forty Dollars and Zero Cents ($1,640.00) for attorneys' fees and costs, which shall be reportable on an IRS Form 1099 issued to CSM Legal, P.C.

d. The payments set forth in Paragraph 1. of this Agreement shall be mailed or delivered to: CSM Legal, P.C., 60 East 42nd Street, Suite 4510, New York, New York 10165, Attn: Catalina Sojo, Esq. on the due dates above.

e. Defendants shall be in curable default if they fail to make the payment when due pursuant to Paragraph 1. of this Agreement. Plaintiff or their authorized agent shall send a notice via First Class Mail and Email of such default addressed to Defendants' attorney, whereupon Defendants shall have the right to cure the default within ten (10) business days of Defendants' attorneys' receipt of Plaintiff's notice of default.

f. Except as set forth in Paragraph 1, Plaintiff is not entitled to, and shall not receive, any other payments or benefits from Defendants or the Releasees. Plaintiff acknowledges and agrees that by entering into this Agreement, he is not otherwise entitled to receive the consideration from Defendants or Releasees, except as provided for in this Agreement. Plaintiff both acknowledges and agrees that after receipt of the Settlement Amount as set forth in Paragraph 1, he has been paid and/or have each received all compensation, wages, tips, fees, bonuses, commissions, and/or benefits to which each of them is, was, or may have been, entitled from Defendants.

g. The payments reflected in Paragraph 1 are made in full and complete settlement of any and all claims by Plaintiff against Defendants arising from or concerning the payment of wages or benefits in connection with employment, liquidated damages, interest, attorneys' fees and costs and all claims for wages or other compensation

       which were or could have been asserted in the Plaintiff's Complaint and all other related matters.

h. Plaintiff represents that he is not aware of any existing lien against his recovery in this action.  Plaintiff agrees to release, hold harmless and indemnify Defendants (including Defendants' reasonable costs and attorney's fees) from any claim asserting a lien or claim against the settlement proceeds with respect to any liens, known or unknown, including but not limited to, any existing lien or one arising under Section 475 of the New York Judiciary Law, against his recovery in this action, including that portion of the recovery representing fees for legal services.

i. Plaintiff further acknowledges that Defendants, their administrators, successors and assigns, in paying the agreed-upon Settlement Amount under the Agreement, are not responsible for the satisfaction of any lien upon Plaintiff's respective or total recovery in this action, and further acknowledge that the satisfaction of any lien, known or unknown, against Plaintiff's recovery in this action is exclusively his responsibility.  Plaintiff further agrees that should litigation be commenced against Defendants, or any of their successors or assigns, with respect to the enforcement and satisfaction of any liens, known or unknown, relating to Plaintiff's recovery in this action, as well as that portion representing fees for legal services, Plaintiff shall fully indemnify Defendants, and their successors and assigns, for any and all liability arising in that litigation, including reasonable costs and attorneys' fees related to Defendants' defense of that action, and/or the defense of their successors and assigns.

j. Plaintiff agrees to be solely responsible for, and legally bound to make payment of, the taxes, if any, which are determined to be owed (including penalties and interest related thereto) by any taxing authority in connection with the Settlement Amount represented by the checks described above. Plaintiff agrees and understand that Defendants have no made any representations regarding the tax treatment of the sums paid pursuant to this Agreement.

    **2.**    **Limited Release of Claims.**  In exchange for and in consideration of the covenants and promises contained herein, Plaintiff, individually on behalf of his children, spouse, agents, assignees, heirs, executors, administrators, beneficiaries, trustees, and legal representatives, hereby waive, discharge and release (i) NECTAR RESTAURANT CORP. and its current and former parents, subsidiaries, divisions, branches, assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; and (ii) GEORGE KYRKOSTAS in their individual and corporate capacities, and their heirs, executors, administrators, attorneys, successors and assigns and  (collectively, "Releasees") from any and all legal, equitable or other claims related to wages paid to Plaintiff and hours worked by Plaintiff during his employment, including claims under the Fair Labor Standards Act and New York Labor Law, and claims relating to, or arising under, any other federal, state, or local statute or regulation that concerns hours worked, the payment of wages, and related record-keeping or notice requirements, except for prevailing wage claims under the Fair Labor Standards Act and

New York Labor Law. Plaintiff further waives any and all claims for bonuses, commissions, vacation pay, employee fringe benefits, reimbursement of expenses, and/or attorneys' fees and/or costs related to such claims, except for prevailing wage claims under the Fair Labor Standards Act and New York Labor Law.

> This release shall not apply to any claims that cannot be waived as a matter of law. Nothing in this Agreement shall operate to preclude the parties from enforcing, or shall adversely affect their right or ability to enforce, this Agreement.

**3.    Discontinuance of Claims.**  Plaintiff acknowledges and agrees that, other than the Action, he is not presently aware of any legal proceedings pending between Plaintiff and/or his representatives and Defendants or the Releasees.  It is the intention of the Parties that this Agreement is intended to extinguish all claims Plaintiff asserted against Defendants and Releasees in the Action, and that the Action be dismissed with prejudice.  Plaintiff agrees to dismiss and withdraw the Action by executing the Stipulation of Voluntary Dismissal with Prejudice against all defendants in the form annexed hereto as Exhibit A ("Stipulation"), which Stipulation shall be filed by Plaintiff's Attorney within seven (7) days of receipt of the Initial Payment, on ECF to be reviewed, approved, and So-Ordered by the Court, as such approval is required by Second Circuit case law.

**4.    Denial of Wrongdoing.**  Nothing contained in this Agreement, nor the fact that Plaintiff has been paid any remuneration under it, shall be construed, considered or deemed to be an admission of liability or wrongdoing by Defendants or the Releasees.  Defendants deny any liability, committing any wrongdoing or violating any legal duty with respect to Plaintiff, including with respect to Plaintiff's employment, including Plaintiff's pay while in Defendants' employ. The terms of this Agreement, including all facts, circumstances, statements and documents, shall not be admissible or submitted as evidence in any litigation, in any forum, for any purpose, other than to secure the enforcement of the terms and conditions of this Agreement, or as may otherwise be required by law.

**5.    Mutual Non-Disparagement.** Plaintiff promises, covenants and agrees not to engage in any conduct in any forum that is intended to disparage Defendants or induce others to defame or disparage Defendants in any forum. The foregoing is not intended to prevent Plaintiff from providing truthful and accurate information as required by process of law.

> Defendants, in their official and individual capacities, agree not to engage in any conduct in any forum that is intended to disparage Plaintiff or induce others to defame or disparage Plaintiff in any forum. The foregoing is not intended to prevent the Defendants from providing truthful and accurate information as required by process of law. Upon receipt of a request for information from Romero's employers or prospective employers seeking verification of employment, Defendants shall only provide last position held and dates of employment.

**6. Statement of Fairness.** The Parties acknowledge and agree this settlement is in Plaintiff's and Defendants' respective best interest given the extent of the disputed issues of fact described herein, and taking into account the strengths and weaknesses of each party's case. The Parties agree that the uncertainty of the outcome of trial warrants a settlement in the amount of $60,000.00. The Parties further agree that even taking into account the Plaintiff's attorneys' fees to be deducted from the Settlement Amount, the gross settlement of $60,000.00 adequately compensates Plaintiff for unpaid wages as well as a measure of liquidated damages.

**7. Miscellaneous Acknowledgments and Affirmations.**

    a. Plaintiff affirms that upon payment of the Settlement Amount he has been paid and/or have received all compensation, wages, bonuses, tips, commissions, and/or benefits to which he may be entitled.

    b. Plaintiff affirms that he has been granted any leave to which he was entitled and have not been retaliated against for exercising any rights to leave.

**8. Notices.** Unless otherwise provided for herein, all notices to be served under this Agreement shall be provided via email and First-Class Mail, to the following:

    a. If to Defendants:
        Steven Siegler, Esq.
        Koutsoudakis & Iakovou Law Group, PLLC
        40 Wall Street, 49th Floor
        New York, NY 10005
        steven@kilegal.com

    b. If to Plaintiff:
        Catalina Sojo Esq.
        CSM Legal, P.C.
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        catalina@csm-legal.com

**9. Choice of Law and Forum.** This Agreement shall at all times be construed and governed by the laws of the State of New York, regardless of conflicts of laws principles.

**10. Entire Agreement.** The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes any and all prior agreements and understandings between the Parties hereto. There is no other agreement except as stated herein. Plaintiff acknowledges that Defendants have made no promises to them other than those contained in this Agreement.

**11. Modification.** This Agreement may not be changed unless the change is in writing and signed by Plaintiff and his attorneys and an authorized representative of Defendants.

12. **General Provisions.** The failure of any party to this Agreement to insist on strict adherence to any term hereof on any occasion shall not be considered a waiver or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term hereof. The invalidity of any provision of this Agreement shall not affect the validity of any other provision hereof. This Agreement has been drafted and reviewed jointly by counsel for the Parties and no presumption or construction as to the drafting of this Agreement shall be applied against or in favor of any party.

13. **Section Headings.** Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

14. **Legal Counsel.** Plaintiff is hereby advised of his right to consult with an attorney before signing this Agreement, which includes a release. Plaintiff hereby acknowledges that he was fully and fairly represented by CSM Legal, P.C., in connection with the review, negotiation and signing of this Agreement.

15. **Competence to Waive Claims**. At the time of considering or executing this Agreement, LUIS ALBERTO LEAL ROMERO was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Plaintiff is competent to execute this Agreement and knowingly and voluntarily waive any and all claims he may have against the Releasees. Plaintiff certifies that he is not a party to any bankruptcy, lien, creditor-debtor or other proceedings which would impair his right or ability to waive all claims he may have against the Releasees.

16. **Execution.** The Parties agree that this Agreement may be executed in counterparts, and that signatures transmitted electronically shall bear the same weight as original signatures.

**PLAINTIFF ACKNOWLEDGES THAT HE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND IS VOLUNTARILY ENTERING INTO IT OF HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

**PLAINTIFF**

LUIS ALBERTO LEAL ROMERO

_[signature]_

Dated: 07/05/2022

DEFENDANTS

NECTAR RESTAURANT CORP

By: *[signature]*

Dated: 7/6/2022

By: *[signature]*
**GEORGE KYRKOSTAS, Individually**

Dated: 7/6/2022

**EXHIBIT A**

Case 1:20-cv-09701-SHS Document 47 Filed 07/06/22 Page 8 of 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

LUIS ALBERTO LEAL ROMERO,                    Index No.: 20-cv-9701-SHS

                Plaintiff,          **STIPULATION OF DISMISSAL WITH PREJUDICE**

    v.

NECTAR RESTAURANT CORP. (d/b/a
Nectar), and GEORGE KYRKOSTAS,

                Defendants.

-------------------------------------------------------------X

Upon the joint application of all parties to the above-captioned action, by their respective counsel, for entry of an Order of Voluntary Dismissal with Prejudice approving the parties' negotiated settlement agreement, and the parties having consented to the entry of this Order; and sufficient cause appearing for the same; after due deliberation; it is

**HEREBY ORDERED AS FOLLOWS:**

1. The duly executed settlement agreement, which includes, among other things, a waiver and release of the Plaintiff's claims pursuant to the Fair Labor Standards Act of 1938, as amended, has been negotiated in good faith and at arm's length by the parties through their attorneys;

2. The settlement agreement is approved as a fair and reasonable disposition of the Plaintiff's claims; and

3. This action, including all claims asserted by the Plaintiff herein, is hereby dismissed with prejudice as against all Defendants, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

4. The Court shall retain jurisdiction over this matter to enforce the terms of the parties' settlement agreement, if necessary.

| | |
|---|---|
| CSM LEGAL, P.C. | Koutsoudakis & Iakovou Law Group PLLC |
| By: _____<br>Ramsha Ansari, Esq.<br>60 East 42nd Street, Suite 4510<br>New York, NY 10165<br>*Attorneys for Plaintiff* | By: _____<br>Steven Siegler, Esq.<br>40 Wall Street, 49th Floor<br>New York, NY 10005<br>*Attorneys for Defendants* |

SO ORDERED:

_____
**SIDNEY H. STEIN, U.S.D.J.**